

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

February 4, 1975

The Honorable Thomas W. Brown
Director
Texas Board of Private Investigators
  and Private Security Agencies
959 Reinli Street, Suite 201
Austin, Texas  78751

Opinion No. H- 516

Re: Construction of Article
4413(29bb) regarding licens-
ing of private investigators
and security agencies.

Dear Mr. Brown:

You have requested our opinion regarding the construction of
article 4413(29bb), V. T. C. S., which creates a Texas Board of Private
Investigators and Private Security Agencies, and empowers the Board
to license applicants under the Act.   Specifically, you ask:

> 1.   Whether the Board has the authority to adopt
> a rule requiring the manager of a licensee des-
> cribed in Section 19 of the Act to be a Texas
> resident.
>
> 2.   Whether the word "member" in Section 19(a)
> ought to be read as "manager. "
>
> 3.   Whether the Board has the authority to re-
> quire a licensee to maintain a place of business
> in the State of Texas.

Section 3(a) of the Act requires that an applicant for any license
under the Act be a United States citizen, a person at least 21 years of
age, and a person of "good moral character and temperate habits, who
is not a convicted felon. "  The Act specifies further that the applicant
comply "with any other reasonable qualifications that the board may fix
by rule. "

The case law provides little guidance regarding the question of whether the Board may require a manager applicant to be a Texas resident.

> The determining factor in . . . whether or not a particular administrative agency has exceeded its rule-making powers is that the rule's provisions must be in harmony with the general objectives of the Act involved." Gerst v. Oak Cliff Savings & Loan Ass'n., 432 S. W. 2d 702, 706 (Tex. Sup. 1968).

The Act itself, however, may provide a clue.   Section 50,which describes the process of appeal from the Board's decisions, states that:

> [a]ny person aggrieved by any action of the Board in denying an application for a license, or in revoking a license, or in suspending a license, or in taking any disciplinary action with respect to a license under this Act, shall have the right to appeal such action or such decision to the District Court of the county of his residence . . . .

The Act thus seems to contemplate that a licensee or a prospective licensee should be a resident of a particular Texas county.  Since we cannot say that Texas residency is an unreasonable qualification in this instance, since no provision of the Act implies that the Board may not require that manager applicants be residents of Texas, and since a reasonable interpretation of section 50 supports the Board's power to establish the requirement, we think it within the Board's authority to adopt a rule requiring the manager of a license described in section 19 of the Act to be a Texas resident.

Your second question involves the use of the word "member" in section 19(a).   That section provides:

> (a) The business of each licensee shall be operated under the direction, control, charge, or management, in the State, of either the licensee or a member, but no licensee shall employ more than one manager. (Emphasis added).

The word "member" is not present elsewhere in the Act and has little meaning in relation to the licensing of private investigators and security agencies.   Section 19 deals with the qualifications for "managers," and we believe that the Legislature clearly intended "the business of each licensee" to be "operated under the direction, control, charge, or management . . . of either the licensee or a manager."   "Where possible a legislative act should be construed to accomplish its evident and obvious purpose."   State v. Bothe, 231 S. W. 2d 453 (Tex. Civ. App., San Antonio 1950, no writ).   We therefore construe the word "member" in section 19(a) as the word "manager."

Your final question asks whether the Board has the authority to require the licensee to maintain a place of business within the state.

We also believe that the Act has, by necessary implication, empowered the Board to require a licensee to maintain a place of business in the State of Texas.   Under the terms of section 11A, the Board may "issue subpoenas to compel the attendance of witnesses and the production of pertinent books, accounts, records, and documents." Subsection c of section 11A provides the Board with authority to enforce this subpoena power.   Unless the licensee is required to maintain a place of business in the state, the Board is without effective means to implement its subpoena power.   We hold therefore that the Board has the authority to require a licensee to maintain a place of business in the State of Texas.

## SUMMARY

The Texas Board of Private Investigators and Private Security Agencies has the authority to adopt a rule requiring the manager of a licensee described in section 19 of the Act to be a Texas resident.   The word "member" in section 19(a) should be read as "manager."   The Board also has the authority to require a licensee to maintain a place of business in the State of Texas.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg